UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00407-JPH-MG |
| | ) |
| CHRISTOPHER CUPP, | ) |
| BLAYZE RODGERS, | ) |
| SMITH, | ) |
| NICHALAUS DONOVAN, | ) |
| ADAM JACKSON, | ) |
| GILMORE, | ) |
| THOMAS WELLINGTON, | ) |
| CHRISTOPHER HOLCOMB, | ) |
| ANDREW CHAMBERS, | ) |
| ERIC DRADA, | ) |
| JERRY SNYDER, | ) |
| ASHLYNN LEDFORD-GONTHIER, | ) |
| SHELBY DECKER, | ) |
| CARPENTER, | ) |
| SMITH, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING THE COMPLAINT AND DIRECTING
SERVICE OF PROCESS**

Anthony Martin, a prisoner, filed a civil rights lawsuit regarding prison conditions in Case No. 2:22-cv-470-JRS-MKK. (Dkt. 1). There, the Court dismissed certain claims, allowed other claims to proceed, and severed the remaining claims under Rule 21 of the Federal Rules of Civil Procedure. (*Id.*).

This case arises from Count VIII of the complaint, which was severed from the -470 case. Count VIII includes allegations against defendants Christopher Cupp, Blayze Rodgers, Officer Smith, Nichalaus Donovan, Adam

Jackson, Gilmore, Thomas Wellington, Christopher Holcomb, Andrew Chambers, Eric Drada, Jerry Snyder, Ashlynn Ledford-Gonthier, Shelby Decker, Carpenter, and Sgt. Smith. Because Mr. Martin is incarcerated, the Court must screen the complaint before directing service on the defendants. 28 U.S.C. § 1915A.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

From November 2020 to January 2021, defendants Ofc. Cupp, Ofc. Rodgers, Ofc. Smith, Ofc. Donovan, and Ofc. Jackson allegedly engaged in a

campaign of harassment against Mr. Martin. (Dkt. 2 at 19-20). They called him racist names, refused to serve him food, and served him contaminated food. (*Id.*). This harassment was known to defendants Asst. Warden Gilmore, Wellington, Lt. Holcomb, Sgt. Smith, Sgt. Chambers, Sgt. Drada, Snyder, Gonthier, Decker, and Carpenter. (*Id.*).

The complaint alleges that on December 4, 2020, Ofc. Donovan gave Mr. Martin a food tray that was contaminated with saliva. (*Id.* at 19). On December 5, 2020, Ofc. Donovan and Ofc. Jackson failed to feed Mr. Martin in retaliation for reporting the incident the day before. (*Id.*). On December 18, 2020, Officer Donovan and Officer Jackson gave Mr. Martin a food tray contaminated with what appeared to Mr. Martin to be semen. (*Id.*). He reported the issue to Gonthier, Lt. Holcomb, and Sgt. Drada, but nothing was done. (*Id.*). Between December 21, 2020, and December 29, 2020, Ofc. Cupp, Ofc. Rodgers, Ofc. Smith, Ofc. Donovan, and Ofc. Jackson failed to give Mr. Martin a food tray. (*Id.*). On January 2, 2021, Ofc. Donovan, Ofc. Rodgers, and Ofc. Jackson conspired to give Mr. Martin a food tray contaminated with pieces of metal. (*Id.* at 19-20).

Based on these allegations, Mr. Martin seeks to proceed on claims under the Eighth Amendment Cruel and Unusual Punishments Clause, the Fourteenth Amendment Equal Protection Clause, state law intentional infliction of emotional distress, and state law negligence.

### III. Discussion

Mr. Martin's Eighth Amendment conditions of confinement claims **shall proceed** against Ofc. Donovan, Ofc. Jackson, Ofc. Cupp, Ofc. Rodgers, and Ofc.

Smith in their individual capacities on the theory that they contaminated or withheld food from Mr. Martin. His claims for negligence and intentional infliction of emotional distress **shall proceed** against these defendants based on these same allegations.

Mr. Martin's claims arising from racist name-calling are **dismissed**. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Although sexually violent verbal harassment may rise to the level of a constitutional violation, the alleged verbal harassment in this case was unprofessional, but not sexually violent. *See. Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015) (affirming holding in *DeWalt* that "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment," but noting that a guard may violate the Eighth Amendment by openly directing one prisoner to sexually assault another).

Mr. Martin's equal protection claims arising from alleged racial animus are **dismissed**. To state an equal protection claim under a protected class theory, Mr. Martin must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). The complaint does not allege that Mr. Martin was treated differently from a similarly situated individual on the

basis of race or another protected status and thus fails to state an equal protection claim.

Mr. Martin's claims against Asst. Warden Gilmore, Wellington, Lt. Holcomb, Sgt. Smith, Sgt. Chambers, Sgt. Drada, Snyder, Gonthier, Decker, and Carpenter ("remaining defendants") are **dismissed**. "Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (cleaned up). "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

In this case, the misconduct described in the complaint was allegedly done by Ofc. Donovan, Ofc. Jackson, Ofc. Cupp, Ofc. Rodgers, and Ofc. Smith. The remaining defendants are not liable under § 1983 for the misconduct of others. The complaint does not allege that the remaining defendants failed to respond to an emergency (*e.g.*, that they stood by and watched Mr. Martin get assaulted by other prison officials), or that the remaining defendants were deliberately indifferent under a supervisory liability theory for failing to train, staff, or otherwise ensure the rights of Mr. Martin with respect to his food. Indeed, the complaint does not allege that any of the remaining defendants are responsible for ensuring appropriate food services within the prison.

The fact that the remaining defendants allegedly knew that Mr. Martin was being harassed, without more, does not state a federal claim. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701

F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

This summary includes all viable claims identified by the Court under Count VIII of the complaint. If Mr. Martin believes the complaint contains additional viable claims under Count VIII, he may file a notice identifying those claims within **21 days of the issuance of this Order**.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Ofc. Nichalaus Donovan, Ofc. Adam Jackson, Ofc. Christopher Cupp, Ofc. Blayze Rodgers, and Ofc. Smith in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk shall terminate** all other individuals as defendants on the docket.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED**

Date: 10/10/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY MARTIN
945288
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Service to the Following IDOC Defendants
    Ofc. Nichalaus Donovan
    Ofc. Adam Jackson
    Ofc. Christopher Cupp
    Ofc. Blayze Rodgers
    Ofc. Smith